UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER ALEXANDER HERRARTE VALENZUELA (A-Number: 242-272-960), <br><br> Petitioner, <br><br> v. <br><br> WARDEN, California City Correctional Center, et al., <br><br> Respondents. | No.  1:26-cv-03072-KES-EGC (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS <br><br> Doc. 1 |

Petitioner Elmer Alexander Herrarte Valenzuela is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3. The Court has previously addressed the legal issues raised by claim one of the petition.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.[1]  Doc. 16.  While respondents do not raise new legal arguments, they assert that immigration authorities detained petitioner after he

---

[1] The Court set an initial briefing schedule on the petition and identified certain prior decisions for respondents to address.  Doc. 13.  A revised briefing schedule on the petition was set after respondents noted facts that were not set out in the petition and motion for temporary restraining order, and which indicated that the legal issues in this case were addressed by the decisions identified on the first page of this Order.  Docs. 14, 16.

1

was charged with a state felony offense.  Docs. 14 at 1; 14-1; 14-2.  Respondents do not present any evidence that petitioner was convicted of the state offense, and they do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c).  Respondents acknowledge that "this case is procedurally similar to cases in which the Court has ordered a bond hearing rather than immediate release" and state that "if [petitioner is] not subject to mandatory detention [under 8 U.S.C. § 1225(b)], [he] should be given a bond hearing as the relief in this case."  Doc. 17 at 1.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Elmer Alexander Herrarte Valenzuela (A-Number: 242-272-960) with a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

   Dated:    May 11, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2